IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TREVOR HAYNES                                                                                       PLAINTIFF

V.                              CASE NO. 3:19-CV-03055

CITY OF ALPENA, *et al.*,                                                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Now pending before the Court are Separate Defendant Robert Coffelt's ("Sgt. Coffelt") Motion for Judgment on the Pleadings (Doc. 22) and Brief in Support (Doc. 23). Plaintiff Trevor Haynes has filed no response in opposition. For the reasons stated in more detail below, Sgt. Coffelt's Motion (Doc. 22) is **GRANTED IN PART** and **DENIED IN PART**.

### I.  BACKGROUND

Pursuant to 42 U.S.C. § 1983, Plaintiff alleges that Defendants City of Alpena, City of Green Forest, Jeff Usrey, Kristopher Worrall, Hunter LaFever, and Robert Coffelt violated his rights under the First, Fourth, and Fourteenth Amendments of the United States Constitution. As are relevant here, Plaintiff brings the following claims against Sgt. Coffelt in his individual and official capacities: (1) First Amendment retaliation; (2) unreasonable search and seizure; and (3) malicious prosecution.

Plaintiff's claims against Sgt. Coffelt arise out of a traffic stop. On July 18, 2017, Plaintiff was pulled over by two police officers, separate Defendants Worrall and Usrey. (Doc. 2, p. 5). During the initial stop Plaintiff refused to allow the police officers to search his vehicle, and at some point they requested a K9 unit from the City of Green Forest. *Id.*

1

This is where Sgt. Coffelt enters the scene: Plaintiff alleges that it was Sgt. Coffelt who "approved the response by the K9 unit and authorized the search." *Id.* at 6. Separate Defendant LaFever arrived with a K9 unit; Plaintiff alleges that LaFever induced the K9 unit into falsely indicating that illegal contraband was present in the vehicle. *Id.* There is no allegation that Sgt. Coffelt was present at the scene. As a result of the K9's alert, Plaintiff's vehicle was searched, but no contraband was found. *Id.* Further, Plaintiff was arrested and held in a local jail. *Id.*

At the Rule 16 hearing, Plaintiff's counsel explained that his claims against Sgt. Coffelt are based upon Sgt. Coffelt's supervisory role and due to his participation in the alleged constitutional violations. In his Motion, Sgt. Coffelt argues that the claims against him in his individual capacity should be dismissed with prejudice because Plaintiff failed to allege Sgt. Coffelt's personal involvement or direct responsibility for the alleged constitutional violations. Additionally, Sgt. Coffelt argues that even if Plaintiff alleged sufficient facts to state a claim against him in his individual capacity, he is entitled to qualified immunity.

## II. LEGAL STANDARD

Motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) are treated under the same standard as motions to dismiss under Rule 12(b)(6). Accordingly, to survive a motion for judgment on the pleadings, Plaintiff must present "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). In evaluating the sufficiency of the complaint, a reviewing court assumes that "all factual allegations in the pleadings are true and interpret[s] them in the light most favorable to the nonmoving party." *Bell v. Pfizer, Inc.*, 716 F.3d 1087, 1091 (8th Cir.

2013) (internal quotation omitted). Even so, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. DISCUSSION

Plaintiff's allegations against Sgt. Coffelt fail to satisfy even the liberal pleading standard required to state a claim. None of the allegations against Sgt. Coffelt give rise to a plausible Section 1983 claim.

There is no vicarious liability under Section 1983. *Ashcroft*, 556 U.S. at 676. Instead, for a government actor to be individually liable under Section 1983, they must have had personal involvement or direct responsibility for actions resulting in a constitutional violation. *See Benton v. Kelley*, 784 F. App'x 472, 473 (8th Cir. 2019) (dismissing claims against supervisor defendants where plaintiff failed to allege that they were personally involved in the constitutional violation). In the case at hand, the only factual allegation against Sgt. Coffelt is that he "approved the response by the K9 unit and authorized the search." (Doc. 2, p. 6). The Court understands this allegation to mean that Sgt. Coffelt dispatched the K9 unit to the traffic stop. There is nothing unconstitutional, in and of itself, about dispatching a K9 unit to a traffic stop. *See United States v. Shafer*, 608 F.3d 1056, 1063 (8th Cir. 2010) (discussing whether the amount of time spent waiting for a K9 unit to arrive was excessive under the circumstances). There is no allegation that Sgt. Coffelt deliberately delayed the dispatch of the K9 unit or

otherwise contributed to any delay. Further, it is undisputed that Sgt. Coffelt was not at the traffic stop, did not direct the K9's search of Plaintiff's vehicle, and was not involved in Plaintiff's arrest. Accordingly, the Complaint contains insufficient factual allegations to assert a plausible claim against Sgt. Coffelt in his individual capacity.[1]

The Court notes that Sgt. Coffelt seeks dismissal with prejudice of Plaintiff's claims against him in his individual capacity. Normally, when a complaint is vulnerable to dismissal on the pleadings, district courts must permit curative amendments, unless such amendments would be futile. *See* Fed. R. Civ. P. 15(a); *U.S. ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005). While it is true that dismissal of claims upon a motion for judgment on the pleadings can be with prejudice, there is no authority for the proposition that judgment on the pleadings is per se with prejudice. *See NanoMech, Inc. v. Suresh*, 777 F.3d 1020, 1023–25 (8th Cir. 2015) (affirming district court decision to dismiss claims without prejudice in the context of granting a Rule 12(c) motion); *Accurso v. Infra-Red Servs., Inc.*, 23 F. Supp. 3d 494, 501 (E.D. Pa. 2014) (citations omitted) (discussing district court's discretion to dismiss claims without prejudice under Rule 12(c)). Here, the Court cannot make a determination in the context of this Motion as to whether the filing of an amended complaint would be futile or in bad faith. Accordingly, the Court's dismissal of Plaintiff's claims against Sgt. Coffelt in his individual capacity is without prejudice. Sgt. Coffelt's Motion is denied to the extent it seeks dismissal with prejudice of such claims.

---

[1] Having found that Plaintiff's Complaint is deficient as to the allegations against Sgt. Coffelt, it is unnecessary to delve into the merits of Sgt. Coffelt's qualified immunity defense.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Sgt. Coffelt's Motion for Judgment on the Pleadings (Doc. 22) is **GRANTED IN PART** and **DENIED IN PART,** and Plaintiff's claims against Sgt. Coffelt in his individual capacity are **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED** on this __20th__ day of April, 2020.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE